UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Aaron Rhy Broussard, <br><br>Plaintiff, <br><br>v. <br><br>Thomas M. Hollenhorst, et al., <br><br>Defendant. | Case No. 22-cv-342 (SRN/ECW) <br><br>**ORDER** |

Aaron Rhy Broussard, Reg. No. 20944-041, USP-McCreary, U.S. Penitentiary, P.O. Box 3000, Pine Knot, KY, 42635, pro se

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the "Motion for Reconsideration of Judgment" [Doc. No. 30] and Objections to Report and Recommendation ("R&R") [Doc. No. 29] filed by Plaintiff Aaron Rhy Broussard, who appears pro se. For the reasons set forth below, his "Motion for Reconsideration of Judgment" is denied and the Court declines to consider his Objections, as they are untimely.

I.     BACKGROUND

Mr. Broussard filed the instant civil action on February 3, 2022, approximately one month before the start of his federal criminal trial in *United States v. Broussard*, 19-cr-101 (SRN/ECW). In the criminal case, Mr. Broussard was charged with conspiracy and other drug-related counts concerning the importation, possession, and distribution of fentanyl

that led to 11 deaths and four instances of serious bodily injury among the customers of his internet drug business. (*Broussard*, 19-cr-101, Indictment [Doc. No. 1].)

Contemporaneous with filing the Complaint in the instant civil lawsuit, Mr. Broussard also filed a Motion for a Temporary Restraining Order ("TRO") [Doc. No. 3] in which he sought to stop his criminal prosecution from proceeding. On March 7, 2022—one week before his criminal trial was scheduled to begin—he filed a 54-page Amended Complaint [Doc. No. 11]. In the Amended Complaint, Mr. Broussard primarily challenged his criminal prosecution and sought damages and injunctive relief. Among the defendants, Broussard named the prosecutors in his pending criminal trial. (*See* Am. Compl. ¶ 10.) In the criminal proceeding, he sought to postpone his trial due to an alleged "conflict of interest" that he had created by filing the civil lawsuit. (*Broussard*, 19-cr-101, Pro Se Mot. to Disqualify & Quash [Doc. No. 141] at 1–2.)

On March 11, 2022, the Court issued an order in the instant matter denying Mr. Broussard's Motion for a Temporary Restraining Order. (Mar. 11, 2022 Order [Doc. No. 12].) The Court also dismissed the portion of the Amended Complaint against the prosecutors on grounds of prosecutorial immunity and stayed the remaining portion of the civil case pending resolution of Broussard's criminal prosecution. (*Id.*) Four days before the start of his criminal trial, Mr. Broussard appealed the March 11, 2022 ruling to the Eighth Circuit Court of Appeals, which subsequently affirmed this Court's denial of injunctive relief and dismissed the remainder of the appeal for lack of jurisdiction [Doc. Nos. 22 & 23].

As to Mr. Broussard's criminal trial, because the Court had already dismissed Mr. Broussard's civil claims against the prosecutors, the Court found no conflict of interest and the criminal trial proceeded on March 14, 2022. (*Broussard*, 19-cr-101, Mar. 14, 2022 Redacted Tr. [Doc. No. 412] at 16.) On March 31, 2022, the jury convicted Mr. Broussard. (*See Broussard*, 19-cr-101, Redacted Jury Verdict [Doc. No. 201].) The Court sentenced him to a within-Guidelines sentence of life imprisonment. (*See* Am. Sentencing J. [Doc. No. 297].)

In Magistrate Judge Elizabeth Cowan Wright's October 8, 2024 Order and R&R [Doc. No. 26] in the instant matter, she lifted the stay and recommended that the remainder of Mr. Broussard's civil lawsuit be dismissed without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2). In this Court's December 9, 2024 Order on the R&R [Doc. No. 27], the Court noted that Mr. Broussard had not filed objections to the R&R in the time permitted. Based on Magistrate Judge Wright's recommendation, and on all of the files, records and proceedings in the case, the Court adopted the recommendation and dismissed this action without prejudice, consistent with the R&R. The Clerk of Court entered judgment on December 10, 2024 [Doc. No. 28].

Mr. Broussard filed his "Motion for Reconsideration of Judgment" on December 20, 2024, along with his Objections to the R&R [Doc. No. 29]. The two filings are identical and bear a common caption. Mr. Broussard seeks reconsideration of the Court's March 11, 2022 Order, in which the Court dismissed portions of the Amended Complaint with prejudice, although judgment was not entered at that time because the Court stayed the remainder of Mr. Broussard's claims. He also seeks reconsideration of the December 9,

3

2024 Order Adopting the R&R. (*See* Mot. for Reconsideration at 1) (captioned, "OBJECTIONS TO REPORT AND RECOMMENDATION [DOC. NO. 25], AND MOTION FOR RECONSIDERATION OF JUDGMENT [DOC. NO. 12] MEMORANDUM (AND DOC. NO. 27)").

## II.   DISCUSSION

Pursuant to Local Rule 72.2(b)(1), Mr. Broussard had 14 days, i.e., until October 22, 2024, in which to file specific written objections to the R&R. Although he dated his Objections "10/25/2024," he did not mail them until December 17, 2024. Even allowing for mailing time, he sent his Objections to the Clerk of Court nearly two months past the deadline. (*See* Envelope, Attachment 1 to Objections [Doc. No. 29-1].) Accordingly, the Court declines to consider Mr. Broussard's Objections, as they are untimely.

Motions for reconsideration are expressly disfavored by the Court. In order to file such a motion, "[a] party must show compelling circumstances." D. Minn. LR 7.1(j). Federal Rule of Civil Procedure 60(b) only "authorizes relief [from a final judgment, order, or proceeding] based on certain enumerated circumstances (for example, fraud, changed conditions, and the like.)" *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). As the Eighth Circuit has noted, "[t]he Federal Rules of Civil Procedure do not mention motions for reconsideration." *Id*. at 990. A Rule 60(b) motion, brought as a "motion for reconsideration," "is not a vehicle for simple reargument on the merits," even where the movant reargues the merits "somewhat more fully." *Id*. at 989–90.

Mr. Broussard's "Motion for Reconsideration of Judgment" of the March 11, 2022 Order fails to meet this standard. Instead, Mr. Broussard repeats arguments that he has previously asserted in this case and in his criminal case, and fails to demonstrate

4

compelling circumstances. Accordingly, Mr. Broussard's "Motion for Reconsideration of Judgment" of the March 11, 2022 Order is denied. As to his request for reconsideration of the Court's December 9, 2024 Order Adopting the R&R, which directed entry of judgment, it is likewise denied, as he failed to timely object to the R&R and presents no compelling circumstances warranting reconsideration.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Defendant's Pro Se "Motion for Reconsideration of Judgment" [Doc. No. 30] is **DENIED**.

Dated: January 27, 2025                    s/Susan Richard Nelson
                                            SUSAN RICHARD NELSON
                                            United States District Judge