UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Aaron Rhy Broussard,<br><br>Plaintiff,<br><br>v.<br><br>Thomas M. Hollenhorst, et al.,<br><br>Defendants. | Case No. 22-CV-342 (SRN/ECW)<br><br><br>ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* |

Plaintiff Aaron Rhy Broussard has applied for *in forma pauperis* ("IFP") status on appeal. *See* Doc. No. 35. The Court has reviewed the IFP application and concludes both that Broussard qualifies financially for IFP status and, although the question is close, that the appeal is not taken in the absence of good faith, *see* 28 U.S.C. § 1915(a)(3). Accordingly, the IFP application will be granted.

That said, because Broussard is a prisoner, *see* 28 U.S.C. § 1915(h), the IFP application is governed by 28 U.S.C. § 1915(b), which requires that prisoners seeking IFP status pay an initial partial filing fee upon initiating an appeal and then pay the remaining balance of the filing fee in installments over time. The initial partial filing fee owed by the prisoner-litigant is twenty percent of the greater of the average monthly deposits to the plaintiff's facility trust account or the average balance in the plaintiff's account for the six-month period immediately preceding the filing of the appeal. *See* 28 U.S.C. § 1915(b)(1).

The Court has substantial doubts regarding the veracity of the information provided on Broussard's prison trust account statement. *See* Doc. No. 35 at 6. In the interests of

1

judicial economy, however, the Court will accept that financial information at face value and concludes from Broussard's documentation that he has no assets and no means from which to pay an initial partial filing fee. Accordingly, the requirement of an initial partial filing fee will be waived. *See* 28 U.S.C. § 1915(b)(4).

The entire remaining balance of the $605.00 statutory filing fee for the appeal will have to be paid by Broussard in later installments. Officials at the facility where Broussard is confined will be notified of this requirement and will be authorized to withdraw funds from Broussard's facility trust account and remit those funds to the Court, consistent with § 1915(b). Those financial officials are also reminded that Broussard continues to owe $249.70 towards the filing fee for initiating this action and an additional $505.00 towards the filing fee owed for having filed an interlocutory appeal earlier in this matter. The Court has not received a single payment from Broussard towards these fees in over three years. The Clerk of Court will be directed to provide notice to financial officials at the facility where Broussard is now detained about these ongoing obligations, and those officials are reminded of their obligation under § 1915(b)(2) to remit payment to the Court as funds become available in Broussard's prison trust account.

**CONCLUSION**

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. The application to proceed *in forma pauperis* on appeal of plaintiff Aaron Rhy Broussard [Doc. No. 35] is **GRANTED**.

2. Broussard must pay the unpaid balance ($605.00) of the appellate filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Broussard is confined.

3. The Clerk of Court shall also provide notice to the authorities at the institution where Broussard is confined of his other ongoing financial obligations in this matter, which include $249.70 owed towards the filing fee for having initiated this action and $505.00 owed towards Broussard's prior appeal in this matter.

Dated: March 12, 2025

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge